UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DANIEL ROJAS, individually and on behalf of all others
similarly situated,

|  |  |
|---|---|
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC. and GIACOMO CHIARAMONTE, as an individual, | JURY TRIAL REQUESTED |
| Defendants. | |

-------------------------------------------------------------------------X

Plaintiff **DANIEL ROJAS**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against **EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC. and GIACOMO CHIARAMONTE, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 53 Stickle Ave, Rockaway, NJ 07866 and 26-03 29th Street., Astoria, NY 11102.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4.  This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5.  Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7.  Plaintiff DANIEL ROJAS residing at Queens, NY 11369 was employed by EURO CONTRACTING INC., from in or around December 2013 until in or around March 2022.

8.  Upon information and belief, Defendant EUROCRAFT CONTRACTING LLC, is a New Jersey domestic business corporation, organized under the laws of the State of New Jersey with principal executive offices located at 53 Stickle Ave, Rockaway, NJ 07866.

9.  Upon information and belief, Defendant EURO CONTRACTING INC., is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 26-03 29th Street., Astoria, NY 11102.

10. Plaintiff performed work for the Defendants at "Job Sites" located at 26-03 29th Street., Astoria, NY 11102 and 5011 27th Street, Long Island City, Queens, NY 11101, among others.

11. Upon information and belief, Defendant GIACOMO CHIARAMONTE, known to Plaintiff as "Jack", is the owner of EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC.

12. Upon information and belief, Defendant GIACOMO CHIARAMONTE is an agent of EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC.

13.  Upon information and belief, Defendant GIACOMO CHIARAMONTE is responsible for overseeing the daily operations of EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC.

14. Upon information and belief, GIACOMO CHIARAMONTE has power and authority over all the final personnel decisions of EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC.

15. Upon information and belief, GIACOMO CHIARAMONTE has the power and authority over all final payroll decisions of EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC., including the Plaintiff.

16. Upon information and belief, GIACOMO CHIARAMONTE has the exclusive final power to hire the employees of EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC., including the Plaintiff.

17. Upon information and belief, GIACOMO CHIARAMONTE has exclusive final power over the firing and terminating of the employees of EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC., including Plaintiff.

18. Upon information and belief, GIACOMO CHIARAMONTE is responsible for determining, establishing, and paying the wages of all employees of EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

19. Accordingly, at all relevant times hereto, Defendant GIACOMO CHIARAMONTE was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

20. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

**RELEVANT STATUTORY PERIOD**

21. Under the FLSA and NYLL, Plaintiff's federal and state law claims is subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint is filed in September 2022. As such, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning September 2016 through the present ("relevant statutory period.").

**FACTUAL ALLEGATIONS**

22. Plaintiff DANIEL ROJAS was employed by EURO CONTRACTING INC. as a laborer and carpenter assistant while performing related miscellaneous duties for the Defendants, from in or around December 2013 until in or around March 2022.

23. Plaintiff DANIEL ROJAS regularly worked five (5) days per week during the relevant statutory period.

24. During the relevant statutory period, Plaintiff DANIEL ROJAS regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m., three (3) days per week and from 7:00 a.m. to 5:30 p.m., two (2) days per week.

25. During Plaintiff's employment, the Defendants would "punch-in" and "punch-out" Plaintiff's work hours through an electronic device but did not correctly and accurately record his actual hours worked.

26. As such, Plaintiff was regularly required to work approximately forty-six-and-a-half (46.5) hours each week during the relevant statutory period.

27. Although Plaintiff regularly worked approximately forty-six-and-a-half (46.5) hours per week, Defendants only compensated Plaintiff for approximately twenty-hour (24) to thirty-six (36) hours per week.

28. Thus, Plaintiff was not compensated at all for approximately four (4) to sixteen (16) of his regular hours worked up to 40 hours per week, for an average of ten (10) hours of unpaid regular time per week.

29. Further, Plaintiff was not compensated at all for any of his overtime hours worked.

30. This was partially due to the fact that Plaintiff was not compensated at all by the Defendants for at least one (1) work day, every payroll week during the relevant statutory, including his last week of employment.

4

31. For the hours that Plaintiff was actually compensated, Plaintiff DANIEL ROJAS was paid by Defendants flat hourly rates of approximately:

    i.    $19.00 per hour from in or around September 2016 until in or around December 2016; and

    ii.    $24.00 per hour from in or January 2017 until in or around March 2022.

32. Although Plaintiff regularly worked forty-six and a half (46.5) hours or more hours each week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

34. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

35. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

36. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

37. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

39. Collective Class: All persons who are or have been employed by the Defendants as laborer, carpenter assistants or any other similarly titled personnel with substantially

similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

40. Upon information and belief, Defendants employed approximately 40 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

41. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

42. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

43. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

44. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

45. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

46. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

47. The claims of Plaintiff are typical of the claims of the whole putative class.

48. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

49. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

52. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

53. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

54. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

55. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

56. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C.  §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

59. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

60. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

61. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

62. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

63. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

64. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

65. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

66. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

67. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

68. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

71. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

74. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e.   Awarding Plaintiffs prejudgment and post-judgment interest;

f.   Awarding Plaintiff the costs of this action together with reasonable attorneys' fees;

together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.


Dated:   September 30, 2022
         Kew Gardens, NY



*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANIEL ROJAS, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

EUROCRAFT CONTRACTING LLC and EURO CONTRACTING INC. and
GIACOMO CHIARAMONTE, as an individual,

Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

Service via Secretary of State:
**EURO CONTRACTING INC. (New York DOS ID#2586316)**
26-03 29th Street., Astoria, NY 11102
**EUROCRAFT COTRACTING LLC (New Jersey DOT ID# 0400659820)**
53 Stickle Ave, Rockaway, NJ 07866

Via Personal Service:
**EURO CONTRACTING INC.**
**GIACOMO CHIARAMONTE**
26-03 29th Street., Astoria, NY 11102

11